UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAFI FAISAL, | : | |
| Plaintiff, | : | Civ. No. 13-0376 (KM) (MAH) |
| v. | : | **OPINION** |
| RAHWAY POLICE DEPARTMENT, et al., | : | |
| Defendants. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I.       INTRODUCTION

Plaintiff, Shafi Faisal, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. I previously administratively terminated this case because Mr. Faisal had not paid the filing fee or submitted a complete application to proceed *in forma pauperis*. Subsequently, Mr. Faisal paid the filing fee and this matter was reopened.

At this time, I must review the complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, I will dismiss the federal claims without prejudice and will decline to exercise supplemental jurisdiction over the state law claims.

## II.       BACKGROUND

The allegations of the complaint will be accepted as true for purposes of screening the complaint. Mr. Faisal names the Rahway Police Department and two unnamed John Doe officers as defendants in this action.

Mr. Faisal asserts that, between 11 a.m. and 12 noon on June 9, 2011, he was at a 6-11 store in Rahway, New Jersey. Seven or eight officers then rushed into the store and arrested him. He was charged with various "CDS" (controlled dangerous substance) offenses. He was detained for several hours, then released.

Mr. Faisal denies the charges, which were ultimately dismissed on December 2, 2011. He is suing for wrongful arrest, false imprisonment, police misconduct and emotional distress. He requests five million dollars in damages and an order that the Rahway Police Department be properly trained.

## III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(b). Section 1915A(b) directs district courts to *sua sponte* dismiss any such prisoner claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. [1]

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for

---

[1]    When the complaint was filed, Plaintiff was a pretrial detainee. Judging from the address on the docket, that may no longer be the case. Section 1915A(c) defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms of conditions of parole, prohibition, pretrial release, or diversionary program." The Third Circuit has stated that "the need for the district court to screen a complaint in a civil action filed a prisoner, as required by 28 U.S.C. 1915A, looks to the plaintiff's status when the case is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (citation omitted). The screening requirement therefore applies here.

failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the

claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

(citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting

*Iqbal*, 556 U.S. at 678).

   A. Section 1983 Actions

   A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of

his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

secured by the Constitution or laws of the United States, and second, that the alleged deprivation

was committed or caused by a person acting under color of state law.  *See Harvey v. Plains Twp.*

*Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487

U.S. 42, 48 (1988).

---

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is
identical to the legal standard employed in ruling on 12(b)(6) motions." *See Courteau v. United States*,
287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

## IV.   DISCUSSION

A. Unlawful Arrest/False Imprisonment

Mr. Faisal first argues that he is entitled to relief because he was unlawfully arrested and falsely imprisoned.  "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish:  (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)).  A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman*, 47 F.3d at 636).  In this context, then, a claim of false imprisonment derives from and depends on an arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office*, No. 11-3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (stating that a false imprisonment claim under § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law but that the claim is derivative of a Fourth Amendment claim for arrest without probable cause) (citing *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *Groman*, 47 F.3d at 636). '"Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted).  The arresting officer must reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See*

*Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted).

Plaintiff alleges that he did not commit the CDS offenses with which he was charged. The CDS charges were ultimately dismissed in December, 2011.  That does not necessarily imply, however, that the officers lacked probable cause to arrest Mr. Faisal on June 9, 2011.  Mr. Faisal's conclusory allegation that the arrest was wrongful does not suffice. *See Iqbal*, 556 U.S. at 678.  The later dismissal of the charges does not demonstrate that the officers lacked probable cause at the time of the arrest.  *See Minatee*, 502 F. App'x at 228 (stating that arresting officer must only believe at time of arrest that offense is being committed) (citing *Wright*, 409 F.3d at 602).  The complaint fails to plead that, at the time of the arrest, the officers lacked information sufficient for them to reasonably believe that he was committing or had committed the CDS offense(s). Indeed, it says nothing at all about the facts surrounding the arrest or the basis of the charges.

Because plaintiff fails to state an unlawful arrest claim, his derivative claim for false imprisonment must also be dismissed for failure to state a claim.  *Accord Roberson v. Szotak*, No. 13-1942, 2013 WL 4039031, at *2-3 (D.N.J. Aug. 7, 2013) (stating that false imprisonment claim is derivative of claim for unlawful arrest when detention is based on that arrest and dismissing derivative false imprisonment claim because the complaint failed to allege that probable cause was lacking during the arrest); *Ferry v. Barry*, No. 12-0009, 2012 WL 4339454, at *5 (D.N.J. Sept. 19, 2012) ("[B]ecause Plaintiff is unable to demonstrate the absence of probable cause, he fails to state a claim for false arrest and this claim must be dismissed, along with his derivative claim for false imprisonment arising from the detention pursuant to that arrest.") (citation omitted).

B. <u>Rahway Police Department</u>

It appears that the complaint also asserts a claim that the Rahway Police Department failed to properly train its officers.  Part of the requested relief, in fact, is an order that the Rahway Police Department properly train and supervise its employees.  "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983.  A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  *Connick v. Thompson*, - U.S. -, 131 S. Ct. 1350, 1359 (2011) (citing *Oklahoma v. Tuttle*, 471 U.S. 808, 822-23 (1985) (plurality opinion)).  To satisfy liability under § 1983, "a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'"  *Id.* (*City of Canton, Oh. v. Harris*, 489 U.S. 378, 388 (1989)).  "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'"  *Id.* at 1360 (quoting *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)).  As the Supreme Court noted in *Connick*:

> A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train.  *Bryan Cty.*, 520 U.S. at 409.  Policymakers' "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action – the 'deliberate indifference' – necessary to trigger municipal liability."  *Id.* at 407.  Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.

*Connick*, 131 S. Ct. at 1360.

6

For liability to attach to the Rahway Police Department, the identified deficiency in the training program must be closely related to the ultimate injury. *See Kline ex rel. Arndt v. Mansfield*, 255 F. App'x 624, 629 (3d Cir. 2007) (citing *City of Canton*, 489 U.S. at 391)). "'Establishing municipal liability on a failure to train claim under § 1983 is difficult.'" *Id.* (quoting *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997)). "Failure to train . . . municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." *Id.* (internal quotation marks and citations omitted).

This complaint does not allege a pattern of violations that courts typically require to establish a failure to train claim. Indeed, the complaint details only one such arrest: the arrest of plaintiff himself.

The courts have stated that it may be possible to maintain a failure to train claim without showing a pattern. Indeed, Supreme Court has stated that:

> in a narrow range of circumstances, a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurrent situations. The likelihood that the situation will recur and the predictability that that an officer lacking specific tools to handle that situation will violation citizens' rights could justify a finding that policymakers' decision not to train the officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice – namely, a violation of a specific constitutional or statutory right.

*Bryan Cnty.*, 520 U.S. at 409; *see also Kline*, 255 F. App'x at 629; *Tirado v. Montgomery Cnty., Pa.*, No. 12-0552, 2013 WL 1285487, at *7 (E.D. Pa. Mar. 29, 2013).

Mr. Faisal's complaint, however, does not even fall within this narrow range of circumstances. He has not alleged even one additional example, let alone a pattern, of unlawful arrests. He has not alleged any facts whatever about the training of Rahway police officers, or the failure to train Rahway police officers, about the parameters of a proper arrest or the nature of

probable cause. In short, there is nothing from which a reader could identify any deficiency in the training of these officers.

For these reasons, Mr. Faisal fails to state a failure-to-train claim against the Rahway Police Department.

C. State Law Claims

The complaint states that Plaintiff is also suing for "emotional distress." (*See* Dkt. No. 1 at p. 6.) He may intend this as a component of his Section 1983 damages, but he may intend it to be a state-law tort claim.

This Court has original federal-question jurisdiction over plaintiff's § 1983 claims for unlawful arrest and false imprisonment because they arise under the Constitution and the laws of the United States. *See* 28 U.S.C. § 1331. Diversity of citizenship is not alleged. *See* 28 U.S.C. § 1332. If there are any state law claims, the only basis for this Court's jurisdiction would be supplemental jurisdiction. *See* 28 U.S.C. § 1367. When a court has dismissed all claims over which it had original federal-question jurisdiction, it has the discretion to dismiss any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Mr. Faisal's federal claims have been dismissed for failure to state a claim, I will exercise my discretion to decline supplemental jurisdiction over any remaining state law claims.

## V.    CONCLUSION

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant plaintiff leave to amend the complaint unless amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because it is possible that Mr. Faisal may be able to supplement his complaint with facts sufficient to

overcome the deficiencies noted above, the complaint will be dismissed without prejudice.  An appropriate order will be entered.

DATED: February 20, 2014

_____
KEVIN MCNULTY
United States District Judge